UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

CHRISTOPHER WILLIAMS,                                    CV

                              Plaintiff,

         v.                                             COMPLAINT

AKWAABA PROPERTIES INC. AND                             JURY TRIAL REQUESTED
BROOKLYN TEA SELLER INC.,

                              Defendants.
---------------------------------------------------------------x

## COMPLAINT

Plaintiff Christopher Williams (hereafter referred to as "Plaintiff"), by counsel, Parker Hanski LLC, as and for the Complaint in this action against Defendants Akwaaba Properties Inc. and Brooklyn Tea Seller Inc. (together referred to as "Defendants"), hereby alleges as follows:

## NATURE OF THE CLAIMS

1.      This lawsuit opposes pervasive, ongoing, and inexcusable disability discrimination by the Defendants.  In this action, Plaintiff seeks declaratory, injunctive, and equitable relief, as well as monetary damages and attorney's fees, costs, and expenses to redress Defendants' unlawful disability discrimination against Plaintiff, in violation of Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 12181 *et. seq.* and its implementing regulations, the New York State Human Rights Law ("NYSHRL"), Article 15 of the New York State Executive Law ("Executive Law"), the New York State Civil Rights Law, § 40 *et. seq.*, and the New York City Human Rights Law ("NYCHRL"), Title 8 of the Administrative Code of the City of New York ("Administrative Code").

2.      As explained more fully below, Defendants own, lease, lease to, operate, and control a place of public accommodation that violates the above-mentioned laws. Defendants are vicariously liable for the acts and omissions of their employees and agents for the conduct alleged herein.

3.      These Defendants chose to violate their obligation to make their place of public accommodation accessible to persons with disabilities. In other words, Defendants decided that they need not respect the rights of Plaintiff and other disabled individuals to equal access at places of accommodation.

4.      By this action Plaintiff seeks to right Defendants' wrong. Plaintiff seeks to have Defendants' make their place of public accommodation fully accessible so that Plaintiff can finally enjoy the full and equal opportunity that Defendants provide to non-disabled customers.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 12188, and 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADA.  The Court has supplemental jurisdiction over Plaintiff's related claims arising under the New York State and City laws pursuant to 28 U.S.C. § 1367(a).

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendants' acts of discrimination alleged herein occurred in this district and Defendants' place of public accommodation that is the subject of this action is located in this district.

**PARTIES**

7.      At all times relevant to this action, Plaintiff Christopher Williams has been and remains currently a resident of the State and City of New York.

8.      At all times relevant to this action, Plaintiff Christopher Williams has been and remains a wheelchair user.  Plaintiff suffers from medical conditions that inhibit walking and restrict body motion range and movement.

9.      Defendant Akwaaba Properties Inc. owns the property located at 411 Lewis Avenue in Kings County, New York (hereinafter referred to as "411 Lewis Avenue").

10.      411 Lewis Avenue is located in the Bedford Stuyvesant neighborhood (commonly known as "Bed-Stuy") of Kings County.

11.      Defendant Brooklyn Tea Seller Inc. operates a café commonly known as Brooklyn Tea.

12.      At all relevant times, defendant Brooklyn Tea Seller Inc. operates and leases property located at 411 Lewis Avenue from the defendant Akwaaba Properties Inc. (hereinafter referred to as the "Brooklyn Tea premises") in which the café commonly known as Brooklyn Tea is located.

13.      Upon information and belief, Akwaaba Properties Inc. and Brooklyn Tea Seller Inc. have a written lease agreement.

14.      Each defendant is licensed to and does business in New York State.

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

15.      Each of the Defendants is a public accommodation as they own, lease, lease to, control or operate a place of public accommodation, the Brooklyn Tea premises

located at 411 Lewis Avenue, within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the NYSHRL (Executive Law § 292(9)) and the NYCHRL (Administrative Code § 8-102).

16.     The Brooklyn Tea premises is a place of public accommodation within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the NYSHRL (Executive Law § 292(9)) and the NYCHRL (Administrative Code (§ 8-102) as it is a facility operated by a private entity and its operations affect commerce.

17.     Numerous architectural barriers exist at the Brooklyn Tea premises that prevent and restrict access to Plaintiff, a person with a disability, which include, but are not limited to, architectural barriers at the paths of travel.

18.     Upon information and belief, at some time after January 1992, alterations were made to 411 Lewis Avenue, including areas adjacent and/or attached to 411 Lewis Avenue.

19.     Upon information and belief, at some time after January 1992, alterations were made to the Brooklyn Tea premises, and to areas of 411 Lewis Avenue related to the Brooklyn Tea premises.

20.     Within the past three years of filing this action, Plaintiff attempted to and desired to access the Brooklyn Tea premises.

21.     Plaintiff attempted to and desired to access the Brooklyn Tea premises in October 2023 where he personally encountered and experienced architectural barriers identified herein.

22.     At the entrance to the Brooklyn Tea premises Plaintiff came across steps, a seemingly minor hindrance that, nonetheless, proves as imposing as a wall for Plaintiff and others facing similar challenges.

23.     The services, features, elements and spaces of the Brooklyn Tea premises are not readily accessible to, or usable by Plaintiff as required by the 1991 ADA Standards for Accessible Design codified in 28 C.F.R. Part 36, Appendix D (hereinafter referred to as the "1991 Standards" or the "1991 ADA") or in the 2010 ADA Standards for Accessible Design codified in 36 CFR part 1191 Appendices B and D and 28 CFR part 36 subpart D  (hereinafter referred to as the "2010 Standards" or the "2010 ADA")

24.     Because of Defendants' failure to comply with the above-mentioned laws, including but not limited to the 1991 Standards or the 2010 Standards and the Administrative Code, Plaintiff was and has been unable to enjoy safe, equal, and complete access to all of the areas of the Brooklyn Tea premises that are open and available to the public.

25.     Defendants' place of public accommodation has not been designed, constructed, or altered in compliance with the 1991 Standards, the 2010 Standards, the 1968 New York City Building Code, Administrative Code, Title 27 ("1968 BC"), inclusive of the 1968 BC Reference Standard 4-6 and ANSI 117.1-1986 (together the "1968 Ref Std"), the 2008 New York City Building Code, inclusive of Appendix E Supplementary Accessibility Requirements (together the "2008 BC") and inclusive of the 2008 BC Referenced Standard ICC/ANSI 117.1 - 2003 ("2008 Ref Std"), the 2014 New York City Building Code, inclusive of Appendix E Supplementary Accessibility Requirements (together the "2014 BC") and inclusive of the 2014 BC Referenced

Standard ICC/ANSI 117.1 - 2009 ("2014 Ref Std"); and the 2022 New York City

Building Code, inclusive of Appendix E Supplementary Accessibility Requirements

(together the "2022 BC") and inclusive of the 2014 Ref Std.

26.     Barriers to access that Plaintiff encountered and which deter Plaintiff from

patronizing the Brooklyn Tea premises include, but are not limited to, the following:

I.      An accessible route is not provided from the public street and sidewalk to
        the entrance to the Brooklyn Tea premises.
        *Defendants fail to provide that at least one accessible route shall be
        provided within the site from public streets and sidewalks to the accessible
        building or facility entrance they serve. See 1991 ADA § 4.1.2(1); 2010
        ADA § 206.2.1; 1968 BC§ 27-292.5(b); 2008 BC § 1104.1; and 2014 BC
        § 1104.1.*

II.     The public entrance to the Brooklyn Tea premises is not accessible.
        *Defendants fail to provide that at least 50% of all its public entrances are
        accessible.  See 1991 ADA § 4.1.3(8)(a)(i).
        Defendants fail to provide that at least 60% of all its public entrances are
        accessible.  See 2010 ADA § 206.4.1.
        Defendants fail to provide that primary entrances are accessible. See 1968
        BC § 27-292.5(a).
        Defendants fail to provide that all of its public entrances are accessible.
        See 2008 BC § 1105.1; and 2014 BC § 1105.1.*

III.    No signage identifies an accessible entrance to the Brooklyn Tea premises
        (to the extent Defendants claim they provide an accessible public
        entrance).
        *Defendants fail to display signage (marked with the International Symbol
        of Accessibility or otherwise) that identifies an accessible entrance. See
        1991 ADA §§ 4.1.2(7)(c); 4.1.3(8)(d); and 4.1.6(1)(h); 2010 ADA § 216.6;
        1968 BC § 27- 292.18; 2008 BC § 1110; and 2014 BC §§ 1101.3.4; and
        1110.*

IV.     There is no directional signage at the inaccessible entrance of the
        Brooklyn Tea premises that indicates the location of an accessible
        entrance (to the extent Defendants claim they provide an accessible
        entrance).
        *Defendants do not provide and display signage at the inaccessible public
        entrance (marked with the International Symbol of Accessibility or
        otherwise) that indicates the location of an accessible entrance. See 1991
        ADA §§ 4.1.6(1)(h) and 4.1.3(8)(d); and 2010 ADA Standards § 216.6.
        Defendants fail to provide directional signage at necessary locations. See
        1968 BC § 27-292.18(b).*

6

*Defendants fail to provide directional signage by the inaccessible entrance indicating the route to the nearest accessible entrance. See 2008 BC § 1110.2; and 2014 BC §§ 1101.3.3; and 1110.2.*

V. The entrance door(s) of the Brooklyn Tea premises lack level maneuvering clearances at the push side of the door.
*Defendants fail to provide an accessible door with level maneuvering clearances.  See 1991 ADA § 4.13.6; 2010 ADA § 404.2.4; 1968 Ref Std § 4.13.6; 2008 Ref. Std § 404.2.3; and 2014 Ref Std § 404.2.3.*

VI. Maneuvering clearances for pushing open the entrance door of the Brooklyn Tea premises is not provided due to a step.
*Defendants fail to provide minimum maneuvering clearances of 48 inches perpendicular to the door for a forward approach to the push side of a door. See 1991 ADA § 4.13.6; 2010 ADA § 404.2.4; 1968 Ref Std § 4.13.6; 2008 Ref Std § 404.2.3; and 2014 Ref Std § 404.2.3.*
There is a step at the exterior side of the entrance door to the Brooklyn Tea premises which has a change in level greater than ½ inch high.
*Defendants fail to provide that changes in level at accessible routes greater than 1/2-inch-high shall be overcome with a ramp, elevator, or platform lift. See 1991 ADA § 4.3.8; and 1968 Ref Std § 4.3.8.*
*Defendants fail to provide that changes in level at accessible routes greater than 1/2-inch-high shall be ramped. See 2010 ADA § 303.4; 2008 Ref Std § 303.3; and 2014 Ref Std § 303.4.*

VII. The Brooklyn Tea premises has stairs lacking handrails.
*Defendants fail to provide handrails on both sides of the stairs.  See 1991 ADA § 4.9.4; 2010 ADA § 505.2; 1968 Ref Std § 4.9.4; 2008 Ref. Std § 505.2; and 2014 Ref. Std § 505.2.*

VIII. There is no accessible route connecting all the public accommodations of the Brooklyn Tea premises within the site.
*Defendants fail to provide that there is one accessible route connecting all the public accommodations within the site.  See the 1968 BC § 27-292.5, the 1968 Ref Std § 4.3.2; the 2008 BC § 1104; and the 2014 BC § 1104. See also the 1991 ADA §§ 4.3.2, 4.1.2(2), and 4.1.3(1); and the 2010 ADA §§ 206.1 and 206.2.*

IX. There are steps that are greater than ½-inch in height to access seating at the Brooklyn Tea premises.
*Defendants fail to provide that changes in level at accessible routes greater than 1/2-inch-high shall be overcome with a ramp, elevator, or platform lift. See 1991 ADA § 4.3.8; and 1968 Ref Std § 4.3.8.*
*Defendants fail to provide that changes in level at accessible routes greater than 1/2-inch-high shall be ramped. See 2010 ADA § 303.4; 2008 Ref Std § 303.3; and 2014 Ref Std § 303.4.*

X. Defendants fail to provide accessible dining surfaces at the Brooklyn Tea premises.

*Defendants fail to provide that where seating, tables and/or work stations are provided in usable spaces, at least one and not less than 5 percent shall be accessible. See 1968 BC § 27-292.10(a)(3).*
*Defendants fail to provide that at least 5 percent of the seating and standing spaces are accessible.*
*Defendants fail to provide that where fixed tables (or dining counters where food is consumed but there is no service) are provided, at least 5 percent, but not less than one, of the fixed tables (or a portion of the dining counter) shall be accessible. See 1991 ADA § 5.1.*
*Defendants fail to provide that where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall be accessible. See 2010 ADA § 226.1.*

XI.    There are no accessible tables in the interior dining area of the Brooklyn Tea premises. All tables have chairs and legs that obstruct knee and toe clearances required for a forward approach to the seating.
*Defendants fail to provide that at least 5% of the dining surfaces provided to customers are accessible. See 1991 ADA § 5.1; 2010 ADA § 226.1; 1968 BC § 27-292.10(a)(3); 2008 BC § 1109.11; and 2014 BC § 1109.10.*
*Defendants fail to provide (due to chairs or table legs) a clear floor space of 30 inches by 48 inches positioned for a forward approach and the required knee and toe clearance at accessible work surfaces and/or table surfaces. See 1991 ADA § 4.32.2; 2010 ADA § 902.2; 1968 Ref Std § 4.30.2; 2008 Ref Std § § 902.2; and 2014 Ref Std § 902.2.*

XII.   There is no accessible seating at the bar counter at the Brooklyn Tea premises.
*Where food or drink is served at counters exceeding 34 inches in height for consumption by customers seated on stools or standing at the counter, a portion of the main counter which is 60 inches in length minimum shall be accessible or service shall be available at accessible tables within the same area. See 1991 ADA §§ 5.1 and 5.2.*
*Defendants fail to provide that where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall be accessible. See 2010 ADA §§ 226.1 and 902*
*Defendants fail to provide that at least 5 percent of the seating and standing spaces are accessible. See 1968 BC § 27-292.10(a)(3); 2008 1109.11; and 2014 BC § 1109.10.*

XIII.  The bar counters at the Brooklyn Tea premises exceed 34 inches in height.
*The tops of accessible dining surfaces shall be 28 inches minimum and 34 inches maximum above the finish floor.  See 1991 ADA § 4.32.4; 2010 ADA § 902.3; 1968 Ref Std § 4.30.4; 2008 Ref Std § § 902.3; and 2014 Ref Std § 902.4.*

XIV.   The bar counters at the Brooklyn Tea premises have a base that obstructs knee and toe clearances required for a forward approach to the seating. *Defendants fail to provide (due to a base wall) a clear floor space of 30 inches by 48 inches positioned for a forward approach and the required knee and toe clearance at accessible work surfaces and/or table surfaces. See 1991 ADA § 4.32.2; 2010 ADA § 902.2; 1968 Ref Std § 4.30.2; 2008 Ref Std § § 902.2; and 2014 Ref Std § 902.2.*

XV.   There are no accessible tables in the sidewalk dining area of the Brooklyn Tea premises. All tables have chairs and legs that obstruct knee and toe clearances required for a forward approach to the seating. *Defendants fail to provide that at least 5% of the dining surfaces provided to customers are accessible. See 1991 ADA § 5.1; 2010 ADA § 226.1; 1968 BC § 27-292.10(a)(3); 2008 BC § 1109.11; and 2014 BC § 1109.10. Defendants fail to provide (due to chairs or table legs) a clear floor space of 30 inches by 48 inches positioned for a forward approach and the required knee and toe clearance at accessible work surfaces and/or table surfaces. See 1991 ADA § 4.32.2; 2010 ADA § 902.2; 1968 Ref Std § 4.30.2; 2008 Ref Std § § 902.2; and 2014 Ref Std § 902.2.*

XVI.   The toilet room in the Brooklyn Tea premises is not accessible. *Defendants fail to provide accessible toilet facilities. See 1991 ADA § 4.1.3(11); 2010 ADA § 213.1; 1968 BC § 27-292.12; 2008 BC § 1109.2; and 2014 BC § 1109.2.*

XVII.   The bathroom doorway of the Brooklyn Tea premises does not provide a clear opening of 32 inches minimum. *Defendants fail to provide a doorway with a clear opening of 32 inches minimum.  See 1991 ADA § 4.13.5; 2010 ADA § 404.2.3; 1968 Ref Std § 4.13.5; 2008 Ref. Std § 404.2.2; and 2014 Ref Std § 404.2.2.*

XVIII.   The toilet room in the Brooklyn Tea premises is not of sufficient size. *Defendants fail to provide an accessible toilet room that allows a 180-degree turn.  See 1991 ADA §§ 4.22.3; and 4.2.3; 2010 ADA §§ 603.2.1 and 304.3; 1968 Ref Std § 4.17.3; 2008 Ref Std § 604.8.2 and 2014 Ref Std § 604.9.2.*

XIX.   There is no accessible turning space in the toilet room in the Brooklyn Tea premises. *Defendants fail to provide the minimum required turning space of 60 inches in diameter within the toilet rooms.  See 1991 ADA § 4.2.3; 2010 ADA § 304.3; 1968 Ref Std § 4.2.3; 2008 Ref Std § 304.3, and 2014 Ref Std § 304.3.*

XX.   The toilet room in the Brooklyn Tea premises lacks an accessible lavatory. *Defendants fail to provide at least one accessible lavatory within accessible toilet and bathing facilities. See 1991 ADA § 4.23.6; 2010 ADA § 213.3.4; 1968 BC § 27-292.12; 2008 BC § 1109.2; and 2014 BC § 1109.2.*

XXI.   The lavatory in the toilet room lacks protected hot water and drain pipes.

*Defendants fail to provide accessible lavatories and/or sinks with water supply and drain pipes that are insulated or otherwise configured to protect against contact. See 1991 ADA §§ 4.19.4 and 4.24.6; 2010 ADA § 606.5; 1968 Ref Std § 4.19.4; 2008 Ref Std § 606.6; and 2014 Ref Std § 606.6.*

XXII.   The toilet room lacks an accessible mirror.
*Defendants fail to provide at least one accessible mirror within accessible toilet and bathing facilities. See 1991 ADA § 4.23.6; 2010 ADA § 213.3.5; 1968 BC § 4.19.6; 2008 BC § 603.3; and 2014 BC § 603.3.*

XXIII.   The bottom edge of the reflective surface of the mirror in the toilet room is more than 40 inches above the floor.
*Defendants fail to provide a mirror installed with the bottom edge of the reflecting surface 40 inches maximum above the finished floor.  See 1991 ADA §§ 4.22.6; 2010 ADA § 603.3; 1968 BC § 4.19.6; 2008 BC § 603.3; and 2014 BC § 603.3.*

XXIV.   Maneuvering clearances for pulling open the toilet room door is not provided.
*Defendants fail to provide that floor or ground surface within required maneuvering clearances at doors shall have slopes not steeper than 1:48 (2.0%) and changes in level are not permitted. 60 inches perpendicular to the door for 18 inches parallel to the door beyond the latch is required for a forward approach to the pull side of a door, or 54 inches perpendicular to the door for 24 inches parallel to the door beyond the latch is required for a latch approach to the pull side of a door. See 1991 ADA § 4.13.6; 2010 ADA § 404.2.4; 1968 Ref Std § 4.13.6; 2008 Ref Std § 404.2.3; and 2014 Ref Std § 404.2.3.*

XXV.   The entrance, which is also an exit, is not accessible.
*Defendants fail to provide accessible means of egress in the number required by the code.  See 1991 ADA § 4.1.3(9); 2010 ADA § 207.1; 1968 BC §§ 27-292.1 and 27-357(d); 2008 BC § 1007.1; and 2014 BC § 1007.1.*

27.   Plaintiff either personally encountered or has knowledge of such barriers to access.

28.   Upon information and belief, a full inspection of the Brooklyn Tea premises will reveal the existence of other barriers to access.

29.   To properly remedy Defendants' discriminatory violations and avoid piecemeal litigation and ensure that Defendants ceases to violate Plaintiff's rights under

the ADA, a remedial civil rights legislation, Plaintiff requires a full inspection of the Brooklyn Tea premises in order to catalogue and cure all of the areas of non-compliance with the ADA.

30.     Plaintiff hereby notices Defendants that in addition to the barriers described in this Complaint, he will also prosecute any additional violations of the 1991 Standards, the 2010 Standards or the New York City Building Code discovered during an inspection that are not already described in this Complaint to have Defendants enjoined to remedy those violations.

31.     Notice is therefore given that Plaintiff intends to amend the Complaint to include any violations discovered during an inspection that are not contained in this Complaint.

32.     Defendants have denied Plaintiff the opportunity to participate in or benefit from services or accommodations because of disability.

33.     Defendants have not satisfied their statutory obligation to ensure that their policies, practices, procedures for persons with disabilities are compliant with the laws. Nor have Defendants made or provided accommodations or modifications to persons with disabilities.

34.     Plaintiff has a realistic, credible, and continuing threat of discrimination from the Defendants' non-compliance with the laws prohibiting disability discrimination as the barriers to access within the Brooklyn Tea premises continue to exist and deter Plaintiff.

35.     Plaintiff frequently travels to the area where the Brooklyn Tea premises is located.

36.    The Brooklyn Tea premises is situated in the Bed-Stuy neighborhood of Kings County.

37.    Bed-Stuy is a lively neighborhood reknown for its diverse selection of good restaurants, cafes, and an overall appealing atmosphere.

38.    Plaintiff resides approximately fifteen minutes travel time from, Bed-Stuy, the area where the Brooklyn Tea premises is located.

39.    Plaintiff enjoys going to Bed-Stuy for its assortment of good restaurants, cafes, and overall desirable atmosphere.

40.    Plaintiff goes to Bed-Stuy to drink, dine and socialize.

41.    Plaintiff goes to the Bed-Stuy area at least once a month.

42.    Plaintiff goes to restaurants, cafes and bars that are accessible to him.

43.    In October 2023 Plaintiff was in the Bed-Stuy neighborhood and desired to patronize the Brooklyn Tea premises.

44.    Plaintiff desired to patronize the Brooklyn Tea premises to unwind and enjoy a relaxing experience.

45.    The Brooklyn Tea premises is locally known for its inviting ambiance, friendly staff, café drinks and delectable small bites.

46.    Plaintiff desired to patronize the Brooklyn Tea premises as thoughts of sipping on a delicious aromatic brew permeated his mind.

47.    Plaintiff, however, encountered steps at the entrance to the Brooklyn Tea premises, a seemingly insignificant barrier that is, however, insurmountable for Plaintiff and others similarly situated.

48.     Steps are likely the most obvious architectural barrier to wheelchair access. An entrance with a step is no different than a sign informing Plaintiff and other wheelchair users to "keep out." See 134 Cong. Rec. S10,454, 10,491 (1988) (statement of Sen. Simon) (noting that the architectural barriers are like "Keep Out" signs to the disabled).

49.     Despite his desire to access the Brooklyn Tea premises, Plaintiff has been, and remains, deterred from visiting the Brooklyn Tea premises due to the architectural barriers, that exist including architectural barrier at the entrance to the Brooklyn Tea premises.

50.     Defendants deny Plaintiff the opportunity to patronize the Brooklyn Tea premises as they prevent him from entering due to the architectural barriers Defendants maintain at the entrance to the Brooklyn Tea premises.

51.     Plaintiff desires to patronize the Brooklyn Tea premises to relax and enjoy its café drinks and delectable small bites.

52.     Plaintiff remains deterred from patronizing the Brooklyn Tea premises because of the barriers to access that exist at the Brooklyn Tea premises.

53.     Plaintiff intends to patronize the Brooklyn Tea premises one or more times a year after it becomes fully accessible and compliant with the 1991 Standards or the 2010 Standards, and the Administrative Code.

54.     Plaintiff continues to suffer an injury due to Defendants maintenance of architectural barriers at the Brooklyn Tea premises.  This is because he desires to patronize the Brooklyn Tea premises but is denied the opportunity to do so based on disability because Defendants discriminate against him in violation of the ADA, the

NYSHRL and the NYCHRL as they created, maintain and have failed to remove architectural barriers to wheelchair access at the Brooklyn Tea premises.

**FIRST CAUSE OF ACTION**
**(VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)**

55.     Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

56.     Plaintiff is substantially limited in the life activity of both walking and body motion range and thus has a disability within the meaning of the ADA.  As a direct and proximate result of Plaintiff's disability, Plaintiff uses a wheelchair for mobility, and also has restricted use of arms and hands.

57.     The ADA imposes joint and several liability on both the property owner and lessee of a public accommodation.  28 C.F.R. 36.201(b).

58.     Under the ADA, both the property owner and lessee are liable to the Plaintiff, and neither can escape liability by transferring their obligations to the other by contract (i.e. lease agreement).  28 C.F.R. 36.201(b).

59.     Defendants have and continue to subject Plaintiff to disparate treatment by denying Plaintiff full and equal opportunity to use their place of public accommodation all because Plaintiff is disabled.  Defendants' policies and practices have and continue to subject Plaintiff to disparate treatment and disparate impact.

60.     By failing to comply with the law in effect for decades, Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of their public accommodation.

61.     Defendants have discriminated against the Plaintiff by designing and/or constructing a building, facility and place of public accommodation that is not readily

accessible to and usable by the disabled Plaintiff and not fully compliant with the 1991 Standards or the 2010 Standards.  See 28 C.F.R. § 36.401(A)(1) and 42 U.S.C. §12183(a)(1).

62.     The Brooklyn Tea premises are not fully accessible and fail to provide an integrated and equal setting for the disabled, all in violation of 42 U.S.C. §12182(b)(1)(A) and 28 C.F.R. § 36.203.

63.     Defendants failed to make alteration accessible to the maximum extent feasible in violation of 28 C.F.R. §§ 36.402 and 36.406 and 42 U.S.C. §12183(a)(2).

64.     The paths of travel to the altered primary function areas were not made accessible in violation of 28 C.F.R. § 36.403.

65.     Defendants failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of 28 C.F.R. § 36.304.  It would be readily achievable to make Defendants' place of public accommodation fully accessible.

66.     By failing to remove the barriers to access where it is readily achievable to do so, Defendants have discriminated against Plaintiff on the basis of disability in violation of § 302(a) and 302(b)(2)(A)(iv) of the ADA, 42 U.S.C. § 12182(a), (b)(2)(A)(iv), and 28 C.F.R. § 36.304.

67.     In the alternative, Defendants have violated the ADA by failing to provide Plaintiff with reasonable alternatives to barrier removal as required by 28 C.F.R. § 36.305.

68.     Defendants' failure to remove the barriers to access constitutes a pattern and practice of disability discrimination in violation of 42 U.S.C. § 12181 *et. seq.*, and 28 C.F.R § 36.101 *et. seq.*

69.     Defendants have and continue to discriminate against Plaintiff in violation of the ADA by maintaining and/or creating an inaccessible public accommodation.

### SECOND CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW)

70.     Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

71.     Plaintiff suffers from various medical conditions that separately and together prevent the exercise of normal bodily functions in Plaintiff; in particular, the life activities of both walking and body motion range.  Plaintiff therefore suffers from a disability within the meaning of the Executive Law § 292(21).

72.     In 2019, the New York State legislature enacted legislation that provides effective immediately that the New York State Human Rights Law shall be "construed liberally for the accomplishment of the remedial purposes thereof, regardless of whether federal civil rights laws, including those laws with provisions worded comparably to the provisions of this article, have been so construed". See Executive Law § 300 [effective date: August 12, 2019].

73.     By amending the Executive Law § 300 to mirror the text of the New York City Local Civil Rights Restoration Act of 2005 (Local Law 85 of 2005), the New York State legislature confirmed the legislative intent to abolish parallel construction between the New York State Human Rights Law and related Federal anti-discrimination laws.

74.     Defendants have and continue to subject Plaintiff to disparate treatment by denying Plaintiff equal opportunity to use their place of public accommodation all because Plaintiff is disabled.

75.     Defendants discriminated against Plaintiff in violation of NYSHRL (Executive Law § 296(2)), by maintaining and/or creating an inaccessible place of public accommodation.  Each of the Defendants have aided and abetted others in committing disability discrimination.

76.     Defendants have failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of NYSHRL (Executive Law § 296(2)(c)(iii)).

77.     In the alternative, Defendants have failed to provide Plaintiff with reasonable alternatives to barrier removal as required in violation of NYSHRL (Executive Law § 296(2)(c)(v)).

78.     It would be readily achievable to make Defendants' place of public accommodation fully accessible.

79.     It would not impose an undue hardship or undue burden on Defendants to make their place of public accommodation fully accessible.

80.     As a direct and proximate result of Defendants' unlawful discrimination in violation of NYSHRL, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety.

81.     Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
## (VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW)

82.     Plaintiff realleges and incorporates by reference all allegations set forth in
this Complaint as if fully set forth herein.

83.     Plaintiff suffers from various medical conditions that separately and
together, impair Plaintiff's bodily systems - in particular, the life activity of both walking
and body motion range -and thus Plaintiff has a disability within the meaning of the
NYCHRL (Administrative Code § 8-102).

84.     The Local Civil Rights Restoration Act of 2005 (the "Restoration Act"),
also known as Local Law 85, clarified the scope of the Administrative Code in relation to
the NYCHRL.  The Restoration Act confirmed the legislative intent to abolish
"parallelism" between the NYCHRL and the Federal and New York State anti-
discrimination laws by stating as follows:

> The provisions of this title shall be *construed liberally* for the accomplishment of
> the uniquely broad and remedial purposes thereof, regardless of whether federal
> or New York State civil and human rights laws, including those laws with
> provisions comparably-worded to provisions of this title, have been so construed.

Restoration Act § 7 amending Administrative Code §8-130 of the NYCHRL (emphasis
added). The Restoration Act is to be construed broadly in favor of Plaintiff to the fullest
extent possible.  See also New York City Local Law 35 of 2016.

85.     Defendants have and continue to subject Plaintiff to disparate treatment
and disparate impact by directly and indirectly refusing, withholding, and denying the
accommodations, advantages, facilities, and privileges of their place of public
accommodation all because of disability in violation of the NYCHRL (Administrative

Code § 8-107(4)).  Each of the Defendants have aided and abetted others in committing disability discrimination.

86.     Defendants have and continue to commit disability discrimination in violation of the Administrative Code (inclusive of § 8-107(4)) because of the violations of the ADA as alleged herein.

87.     Defendants have discriminated, and continue to discriminate, against Plaintiff in violation of the NYCHRL (Administrative Code § 8-107(4)) by designing, creating and/or maintaining an inaccessible commercial facility/space.

88.     Defendants have subjected, and continue to subject, Plaintiff to disparate treatment by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their commercial facility/space all because of disability in violation of the NYCHRL (Administrative Code § 8-107(4)).

89.     Defendants' policies and procedures inclusive of the policies of refusing to expend funds to design, create and/or maintain an accessible commercial facility/space is a discriminatory practice in violation of NYCHRL (Administrative Code § 8-107 (4)).

90.     Defendants' failure to provide reasonable accommodations for persons with disabilities, inclusive of Defendants' failure to remove the barriers to access identified herein, and their consequent denial of equal opportunity to Plaintiff, constitutes an ongoing continuous pattern and practice of disability discrimination in violation of NYCHRL (Administrative Code §§ 8-107(4) and 8-107(15)).

91.     In violation of the NYCHRL (Administrative Code § 8-107(6)), Defendants have and continue to, aid and abet, incite, compel, or coerce each other in each of the other Defendants' attempts to, and in their acts of directly and indirectly

refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their commercial facility/space and the place of public accommodation therein, all because of disability, as well as other acts in violation of the NYCHRL.

92. Administrative Code §§ 19-152 and 7-210 impose a non-delegable duty on the property owner to repave, reconstruct, repair, and maintain its abutting public sidewalk. As a result, Akwaaba Properties Inc. continuously controlled, managed, and operated the public sidewalk abutting 411 Lewis Avenue, which includes the portion of the sidewalk constituting the entrance to Defendants' place of public accommodation.

93. Akwaaba Properties Inc.'s failure to construct and maintain an accessible entrance from the public sidewalk to Defendants' place of public accommodation constitutes disability discrimination in a violation of the Administrative Code.

94. Defendants discriminated against Plaintiff in violation of the NYCHRL (Administrative Code, § 8-107(4)) by maintaining and/or creating an inaccessible public accommodation.

95. Defendants' conduct also violates the NYCHRL, Administrative Code 8-107 (17), which states that "an unlawful discriminatory practice . . . is established . . . [when plaintiff] demonstrates that a policy or practice of a covered entity or a group of policies or practices of a covered entity results in a disparate impact to the detriment of any group protected by the provisions of this chapter."

96. Because Defendants' public accommodation is not readily accessible and usable by people with disabilities, Defendants have demonstrated a policy or practice that has a disproportionately negative impact on the disabled (including plaintiff).

97.     Defendants' conduct constitutes an ongoing and continuous violation of the NYCHRL. Unless Defendants are enjoined from further violations, Plaintiff will continue to suffer injuries for which there is no adequate remedy at law. In particular, Plaintiff will suffer irreparable harm by being denied the accommodations, advantages, facilities, or privileges of the Defendants' public accommodation.

98.     As a direct and proximate result of Defendants' unlawful discrimination in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, stress, and embarrassment.

99.     Upon information and belief, Defendants' long-standing refusal to make their place of public accommodation fully accessible was deliberate, calculated, egregious, and undertaken with reckless disregard to Plaintiff's rights under the NYCHRL.

100.    By failing to comply with the law in effect for decades, Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of their public accommodation.

101.    Defendants engaged in discrimination with willful or wanton negligence, and/or recklessness, and/or a conscious disregard of the rights of others and/or conduct so reckless as to amount to such disregard for which Plaintiff is entitled to an award of punitive damages pursuant to NYCHRL (Administrative Code § 8-502).

102.    By refusing to make their place of public accommodation accessible, Defendants have unlawfully profited from their discriminatory conduct by collecting revenue from a non-compliant space and pocketing the money that they should have

lawfully expended to pay for a fully compliant and accessible space.  Defendants' unlawful profits plus interest must be disgorged.

103.   Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)

104.   Plaintiff realleges and incorporates by reference all allegations set in this Complaint as if fully set forth herein.

105.   Defendants discriminated against Plaintiff pursuant to New York State Executive Law.

106.   Consequently, Plaintiff is entitled to recover the monetary penalty prescribed by Civil Rights Law §§ 40-c and 40-d for each and every violation.

107.   Notice of this action has been served upon the Attorney General as required by Civil Rights Law § 40-d.

### INJUNCTIVE RELIEF

108.   Plaintiff will continue to experience unlawful discrimination as a result of Defendants' failure to comply with the above-mentioned laws.  Therefore, injunctive relief is necessary to order Defendants to alter and modify their place of public accommodation and their operations, policies, practices, and procedures.

109.   Injunctive relief is also necessary to make Defendants' facilities readily accessible to and usable by Plaintiff in accordance with the above-mentioned laws.

110.   Injunctive relief is further necessary to order Defendants to provide auxiliary aids or services, modification of their policies, and/or provision of alternative methods, in accordance with the ADA, NYSHRL, and the NYCHRL.

**JURY DEMAND**

Plaintiff demands a trial by jury on all claims so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against the Defendants, jointly and severally, in favor of Plaintiff that contains the following relief:

A.  Enter declaratory judgment declaring that Defendants have violated the ADA and its implementing regulations, the NYSHRL, and the NYCHRL and declaring the rights of Plaintiff as to Defendants' place of public accommodation, and Defendants' policies, practices, and procedures;

B.  Issue a permanent injunction ordering **Defendants to close and cease all business** until Defendants remove all violations of the ADA, the 1991 Standards or the 2010 Standards, the NYSHRL, and the NYCHRL, including but not limited to the violations set forth above;

C.  Retain jurisdiction over the Defendants until the Court is satisfied that the Defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

D.  Award Plaintiff compensatory damages as a result of Defendants' violations of the NYSHRL and the NYCHRL;

E.  Award Plaintiff punitive damages in order to punish and deter the Defendants for their violations of the NYCHRL;

F.  Award Plaintiff the monetary penalties for each and every violation of the law, per defendant, pursuant to New York State Civil Rights Law §§ 40-c and 40-d;

G.  Find that Plaintiff is a prevailing party and award reasonable attorney's fees, costs, and expenses pursuant to the NYSHRL and the NYCHRL;

H.  Find that Plaintiff is a prevailing party and award reasonable attorney's fees, costs, and expenses pursuant to the ADA; and

I.  For such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Dated: March 20, 2024
      New York, New York

Respectfully submitted,

**PARKER HANSKI LLC**

By:____/s_____
          Robert G. Hanski, Esq.
          Attorneys for Plaintiff
          40 Worth Street, Suite 602
          New York, New York 10013
          Telephone: (212) 248-7400
          Facsimile: (212) 248-5600
          Email: rgh@parkerhanski.com